UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

JULIE A. SU, ACTING SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR,

                                                                    :        Civil Action No.
                                                                              24-1511
                                                                    :

                        Plaintiff,                          :

                        v.                                  :

B & A PLUMBING & HEATING CORP.;                :
WILLIAM AUSPERGER; and the ROCHESTER
OVERNIGHT PLATING LLC 401(K) PLAN,            :

                                                                    :

                        Defendant(s).                    :

---------------------------------------------------------

## COMPLAINT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), alleges as follows:

### PRELIMINARY STATEMENT

1.      Since approximately 2019, defendants B & A Plumbing & Heating Corp. (the "Company") and William Ausberger (along with the Company, the "Fiduciary Defendants") consistently withheld employee contributions from employee paychecks for the stated purpose of remitting this money to employees' accounts in the B & A Plumbing & Heating Corp. 401(k) Plan (the "Plan"). Fiduciary Defendants, however, did not remit all employee contributions to the Plan, instead allowing the money to remain unsegregated in the Company's general operating account.

2.      The Fiduciary Defendants also have failed to file annual reports, as required by statute.

3.      By the actions and omissions specified above, Fiduciary Defendants breached

their duties of exclusive purpose, prudence, and loyalty, caused the Plan to enter into non-exempt prohibited transactions, and engaged in self-dealing under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*

4.      Because of these breaches, the Plan and its participants and beneficiaries have suffered losses, including lost opportunity costs, for which Fiduciary Defendants are responsible.

5.      Therefore, Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary) brings this action under ERISA against the Fiduciary Defendants to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain restitution and other appropriate relief for harms suffered by the Plan and its participants and beneficiaries, and to enforce the provisions of Title I of ERISA.

## JURISDICTION AND VENUE

6.      The Acting Secretary brings this action under ERISA §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), to redress violations and enforce Title I of ERISA.

7.      This Court has subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and general federal question jurisdiction, 28 U.S.C. § 1331.

8.      Venue with respect to this action lies in the United States District Court for the Southern District of New York under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because defendants are all located within this district, the Plan was administered within this district, and the fiduciary breaches at issue in this complaint occurred within this district.

## PARTIES

9.      Plaintiff the Acting Secretary has authority to enforce Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who breach their duties under Title I of ERISA. 29 U.S.C. §§ 1132(a)(2), (5).

10.     Since at least 2018, defendant the Company was the Plan's sponsor and administrator.

11.     Since at least 2018, the Company had discretionary authority to administer and manage the Plan, and the Company is thus a fiduciary to the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  As a Plan administrator, the Company was also a fiduciary to the Plan under 29 C.F.R. § 2509.75-8, D-3.

12.     The Company was also a party in interest to the Plan since at least 2018 under ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C), because it was a fiduciary of the Plan, and because it was the employer of participants in the Plan.

13.     Since at least 2019, defendant Ausperger was the Company's owner and president.

14.     Since at least 2019, Ausperger exercised authority or control regarding management or disposition of Plan assets and had discretionary authority or responsibility over Plan administration. Ausperger is therefore a Plan fiduciary under ERISA § 3(21)(A). 29 U.S.C. § 1002(21)(A).

15.     Since at least 2018, the Plan was an employee benefit plan within the meaning of ERISA §§ 3(2) and (3), 29 U.S.C. §§ 1002(2) and (3). The Plan is joined as a defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

## FACTUAL ALLEGATIONS

16.     The Company is a plumbing and heating services company and is located in the Bronx, New York.

17.     The Company established the Plan effective 2018.

18.     The Plan was funded by employee contributions withheld from employee

paychecks.

**Fiduciary Defendants Have Failed to Remit All Employee Contributions to the Plan**

19.     Since prior to 2019, Fiduciary Defendants regularly deducted employee contributions to the Plan from employees' pay.

20.     Beginning in or around 2019, Fiduciary Defendants stopped promptly and consistently remitting all employee contributions to the Plan, although they continued to withhold contributions from employee pay.

21.     To date, Fiduciary Defendants have failed to remit these employee contributions withheld during the relevant period.

22.     These unremitted employee contributions were allowed to commingle with the Company's assets. This benefited the Company, as well as Ausperger, as the Company's owner.

**Fiduciary Defendants Have Failed to File Annual Reports**

23.     The Form 5500 is an important compliance, research, and disclosure tool for the Acting Secretary.

24.     Responsible fiduciaries must file Forms 5500 with the Acting Secretary on a prescribed schedule, generally annually.

25.     Since at least 2019, Fiduciary Defendants have failed to file Forms 5500 for the Plan.

**FIRST CLAIM FOR RELIEF**
**(Breaches of the Exclusive Purpose Requirement)**

26.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

27.     ERISA § 403(c)(1) requires plan assets to be held only for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses.

It expressly forbids plan assets inuring to any employer's benefit. 29 U.S.C. § 1103(c)(1).

28.    Withheld employee contributions became Plan assets as soon they could have reasonably been segregated them from the Company's general assets, and at most seven days after the end of the month in which they would have been payable to the employee. 29 C.F.R. § 2510.3-102(a)(1), (b)(1).

29.    During the relevant time period, the Fiduciary Defendants were responsible to but failed to remit all employee contributions to the Plan after they could have reasonably segregated the employee contributions from the Company's general assets.

30.    By their actions and omissions, Fiduciary Defendants allowed Plan assets to inure to the direct benefit of the Company.

31.    Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

**SECOND CLAIM FOR RELIEF**
**(Breaches of Fiduciary Duties for Failing to Remit All Employee Contributions)**

32.    Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

33.    As Plan fiduciaries, Fiduciary Defendants had a duty under ERISA §§404(a)(1)(A) and (B) to act prudently and loyally in the sole interest of plan participants and beneficiaries. 29 U.S.C. §§ 1104(a)(1)(A) and(B).

34.    During the relevant time period, Fiduciary Defendants were responsible to but failed to promptly segregate and remit all employee contributions to the Plan.

35.    Instead, Fiduciary Defendants allowed Plan assets to commingle with the Company's general funds, which the Company could access for impermissible purposes such as paying everyday business expenses.

36.     Diversion of employee contributions to the Company's general operating account was not in the interest of Plan participants or beneficiaries and, therefore, was imprudent and disloyal.

37.     A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Fiduciary Defendants during the relevant time period would promptly segregate and remit all employee contributions to the Plan and monitor accounts and ensure that the Company did not convert Plan assets to its own use.

38.     By their actions and omissions, Fiduciary Defendants:

a.      failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of 29 U.S.C. § 1104(a)(1)(A); and

b.      failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of 29 U.S.C.§ 1104(a)(1)(B).

39.     Fiduciary Defendants are therefore liable under ERISA § 409(a) for harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

**FOURTH CLAIM FOR RELIEF**
**(Non-Exempt Prohibited Transactions)**

40.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

41.     ERISA § 406(a)(1)(D) prohibits fiduciaries from transferring plan assets to a "party in interest." 29 U.S.C. § 1106(a)(1)(D).

42.     The Company, as Plan sponsor and a fiduciary, was a party in interest to the Plan. ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

43.     During the relevant time period, Fiduciary Defendants were responsible to but failed to segregate and remit all employee contributions to the Plan and allowed the Company to commingle Plan assets with general employer assets.

44.     By their actions and omissions, Fiduciary Defendants caused the Plan to enter into transactions that they knew or should have known constituted prohibited transfers of plan assets to a party in interest in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

45.     No exemption applies to these prohibited transactions.

46.     Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

### FIFTH CLAIM FOR RELIEF
### (Self-Dealing)

47.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

48.     ERISA § 406(b)(1) prohibits Plan fiduciaries, such as Fiduciary Defendants, from dealing with Plan assets in their "own interest" or for their "own account." 29 U.S.C. § 1106(b)(1).

49.     ERISA § 406(b)(2) prohibits plan fiduciaries, such as Fiduciary Defendants, from acting in any transaction involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan or its participants and beneficiaries. 29 U.S.C. § 1106(b)(2).

50.     During the relevant time period, Fiduciary Defendants allowed Plan assets to remain in the Company's general operating account, which benefitted the Company's business interests, and therefore Leach-Bard's interests as a Company officer, at the expense of the Plan

and its participants and beneficiaries.

51.     By their actions and omissions, Fiduciary Defendants engaged in prohibited self-dealing in violation of ERISA §§ 404(b)(1) and (2), 29 U.S.C. §§ 1106(b)(1) and(2).

52.     Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

### SIXTH CLAIM FOR RELIEF
### (Failure to File Annual Reports)

53.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

54.     ERISA §§ 101(b) and 104(a), 29 U.S.C. §§ 1021(b) & 1024(a), requires fiduciaries to of employee benefit plans to submit an annual report to the Secretary, the contents of which are specified in ERISA § 103, 29 U.S.C. § 1023. Department regulation further states that the annual report must include a completed Form 5500. 29 C.F.R. §§ 2520.103–1(c)(1).

55.     As Plan fiduciaries, Fiduciary Defendants had obligations to file these annual reports, but, since at least 2019, they failed to do so.

56.     A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Defendants during the relevant time period would promptly file annual reports.

57.     By their actions and omissions, Fiduciary Defendants:

   a.   failed to file annual reports, in violation  of 29 U.S.C. §§ 1021, 1023, and 1024;

   b.    failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of 29 U.S.C.§ 1104(a)(1)(A); and

c.       failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of 29 U.S.C.§ 1104(a)(1)(B).

58.     Fiduciary Defendants are therefore subject under ERISA § 409(a) to equitable relief. 29 U.S.C. § 1109(a).

## PRAYER FOR RELIEF

WHEREFORE, the Acting Secretary requests that the Court grant the following relief:

1.      Ordering Fiduciary Defendants jointly and severally to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

2.      Ordering that any money currently in Fiduciary Defendants' accounts in the Plan be offered to satisfy in part Fiduciary Defendants' obligation to restore the unremitted contributions;

3.      Enjoining Fiduciary Defendants to promptly file annual reports for the Plan; and

4.      Granting such other relief as may be equitable, just, and proper.

DATED:      February 28, 2024
              New York, New York

                      Respectfully submitted,

                      SEEMA NANDA
                      Solicitor of Labor

                      JEFFREY S. ROGOFF
                      Regional Solicitor

                       /s Michael Hartman
                      MICHAEL HARTMAN
                      Counsel for ERISA
                      Office of the Regional Solicitor
                      201 Varick Street, Room 983
                      New York, NY 10014
                      (646) 264-3673
                      (646) 264-3660 (fax)
                      hartman.michael@dol.gov
                      NY-SOL-ECF@dol.gov