```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
JULIE A. SU, ACTING SECRETARY OF LABOR,      :
UNITED STATES DEPARTMENT OF LABOR,
                                             :

              Plaintiff,                     :
                                                      Civil Action No.
       v.                                             24-01511-LGS
                                             :

B & A PLUMBING & HEATING CORP.;
WILLIAM AUSPERGER; and the B & A             :
PLUMBING & HEATING CORP. 401(K) PLAN,
                                             :
              Defendants.
--------------------------------------------------------------
```

## [~~PROPOSED~~] DEFAULT JUDGMENT

**WHEREAS**, this action was filed by Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor (the "Acting Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and by the authority vested in the Acting Secretary by ERISA § 502(a)(2) & 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that defendants B & A Plumbing & Heating Corp. (the "Company") and William Ausberger (along with the Company, the "Fiduciary Defendants") had violated their ERISA-imposed duties to the B & A Plumbing & Heating Corp. 401(k) Plan (the "Plan") and its participants and beneficiaries;

**WHEREAS**, this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Southern District of New York § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over Defendants for all purposes relevant to this matter including the entry of this Order pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1);

**WHEREAS**, the Acting Secretary has duly made service on defendants as required by the

provisions of ERISA § 502(d)(1), 29 U.S.C. § 11(d)(1);

**WHEREAS**, the Plan and Fiduciary Defendants waived service as required by the provisions of ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1); and

**WHEREAS**, Defendants have not answered or otherwise appeared in this matter, and

**WHEREAS**, the Acting Secretary has applied for entry of an Order in this matter, and no answer being made in this matter, and no opposition to the application being filed;

WHEREAS, no Defendant appeared at a show cause hearing held on August 21, 2024.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Acting Secretary's motion for default judgment is hereby granted and judgment is entered in favor of the Acting Secretary against the Fiduciary Defendants.

2. The Fiduciary Defendants are removed from their roles as fiduciaries to Plan and permanently enjoined from serving or acting as fiduciaries to any employee benefit plan subject to Title I of ERISA.

3. The Fiduciary Defendants are held jointly and severally liable to the Plan in the total amount of $78,717.58, which the Fiduciary Defendants shall repay to the Plan within 30 days of this Order. These debts are deemed the result of defalcation while acting in a fiduciary capacity, and they shall not be dischargeable.

4. Upon payment of the restitution described in Paragraph 3, the Acting Secretary hereby assesses a penalty under ERISA § 502(1), 29 U.S.C. § 1132(1), of 20% of the applicable recovery amount. The Fiduciary Defendants agree to waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and to waive all legal rights to appeal, contest, or seek a reduction of this assessment. Within ten business days of payment of the restitution described in Paragraph 3, the Fiduciary Defendants shall pay $8,993.34 via the EBSA-ERISA Civil Penalty website at https://www.pay.gov/public/form/start/1063197296 and shall reference EBSA case

number 30-107354(48).

5.      JM Pension Advisory, Inc. (the "Independent Fiduciary") is permanently appointed as independent fiduciary of the Plan and shall have the exclusive authority to exercise all powers previously exercised or held by the Fiduciary Defendants with respect to the Plas, including but not limited to full authority and control with respect to the management or disposition of the assets of the Plan.

6.      The Fiduciary Defendants shall cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities and shall require that all employees, attorneys, agents, advisers, and representatives, as a condition of maintaining their relationships with the Fiduciary Defendants to cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities.

7.      Concerning any activities which the Independent Fiduciary performs, the Independent Fiduciary shall be free to consult with the Acting Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers.

8.      The Independent Fiduciary shall be entitled to receive fees and expenses reasonably and necessarily incurred in administrating and terminating the Plan, not to exceed $1,800. Should the scope of the Independent Fiduciary's work change, the Independent Fiduciary may petition the court to increase this amount.

9.      The payment of administrative expenses and fees to the Independent Fiduciary, and to its assistants, attorneys, accountants, actuaries and other necessary service providers, shall be considered priority administrative expenses of the Plans superior to any other class of expense or

obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plans by its participants and beneficiaries.

10. The Fiduciary Defendants shall be responsible paying the reasonable fees and expenses of the Independent Fiduciary.

11. The Plan is deemed amended to permit offset and, should the Fiduciary Defendants fail to comply with the payment obligations above, the Independent Fiduciary may at its discretion offset the Fiduciary Defendants' Plan account to satisfy its fees and costs.

12. This Order shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the Complaint by the Acting Secretary against Defendants.

13. This matter is deemed closed; however, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

**SO ORDERED.**

DATED:   August 22, 2024
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**